### Isaacs, executrix, *v.* Swindell & Company.

Beck, J. When a motion for new trial pending in the superior court is dismissed in open court, the judge is without authority subsequently at chambers and in a different county, during a recess of said court, to grant an order reinstating the motion, upon a mere motion by counsel for movant and an ex parte showing, no petition having been filed for the reinstatement of said motion in the superior court and no notice having been given to the respondent.

*Judgment reversed. All the Justices concur.*

Argued May 6,—Decided October 13,—Rehearing denied November 20, 1909.

Motion for new trial. Before Judge Spence. Decatur superior court. December 22, 1908.

A motion for a new trial pending in Decatur superior court was called for hearing in its regular order at the November adjourned term of said court. The respondent in the motion announced ready, but the court called attention to the fact that a leave of absence had been granted to the attorney for the movants, and stated the grounds upon which the motion for a leave of absence had been granted. Counsel for the respondents insisted upon a hearing and opposed any postponement, stating that the motion for a new trial had been pending for over a year, that counsel representing the movants had "shown no diligence whatever in trying to get the motion perfected and ready for trial," that respondent's

counsel had never seen a single paper relating to the motion except the original motion for a new trial, and that he had been shown no brief of the evidence prepared by movants and no amended grounds to the motion.   On this statement made by counsel in his place, it appearing to the court that the counsel for movants had been guilty of laches in the preparation of his motion, the court passed an order dismissing the motion for a new trial for want of prosecution. This order was granted on December 21, 1908.   Subsequently to that date and after the judge had returned to Mitchell county, but while the superior court of Decatur county was still open by order of the judge entered on the minutes, the record in this motion for a new trial was received by the judge at chambers (Mitchell county) from the attorney' for the movant, who, in a letter accompanying the record, called attention to the fact that he was granted a leave of absence from the court which was held on December 21, 1908, and in this letter statements were made controverting the statements made by counsel for the respondents, at the time of granting the order of dismissal, to show laches on the part of counsel for the movants.   Upon considering this letter and statements therein made, the judge reached the conclusion that the court "had been wrong in dismissing said motion for want of prosecution,   .   . and the judge determined to revoke the order dismissing said motion for want of prosecution, and did so, and immediately approved the brief of evidence and the amended grounds of the motion for a new trial which was presented to him in said case, and thereupon granted a judgment overruling the motion for a new trial in said case.   This last judgment overruling the motion for a new trial was passed at Camilla, Georgia, and not in Decatur county, but it was understood by the judge that by unanimous agreement of the attorneys of Decatur county the superior court of Decatur county had been held open until the 31st day of December."   The order dismissing the motion for a new trial was as follows:   "On motion of attorneys for plaintiff in ejectment, the above motion for new trial is hereby dismissed for want of prosecution, and that the officers of the court do recover.........costs from said defendant in ejectment.   December 21, 1909, December adjourned term, 1909. W. N. Spence, J. S. C. A. C."

The order passed reinstating the motion is in the following language: "An order having passed on December 21, dismissing said

motion for new trial, and it appearing that the court had granted T. S. Hawes, sole counsel for the movant, a leave of absence for that day, and said court being now in session, the same not having been adjourned, it is ordered that said order of dismissal be vacated and set aside and said case reinstated. December 22, 1909. W. N. Spence, J. S. C. A. C."

"Said order, ruling, and judgment reinstating said case was signed without any written petition, application, or motion, except a letter from T. S. Hawes, on the part of the movant, E. Swindell & Co., or his counsel, made or filed in the office of the superior court of Decatur county, and without being based on any petition, application, or motion in writing so filed, except as above stated, and also without having served the plaintiff or his counsel with notice of any petition, application, or motion to reinstate said cause, and neither the plaintiff nor his counsel was present at the granting, ruling, and judgment, granting and ordering said case reinstated, and had no opportunity to resist said order, ruling, and judgment granted, reinstating said case. To this ruling, order, and judgment of the court the plaintiff excepted and now excepts and assigns the same as error, because his honor W. N. Spence was in Mitchell county at the time he granted the order, judgment, and ruling reinstating said case, and the jurisdiction of said case and motion, and the jurisdiction of said case or motion, had never been transferred to Mitchell county at the time his honor granted said order, ruling, and judgment, from Decatur county, where the land lies, by order transferring the same; it was error for the judge to hear the case in another county, to wit, Mitchell county; the judge, being at the time of granting the order, ruling, and judgment in Mitchell county, had no jurisdiction of the case, the same not having been transferred from Decatur county to Mitchell county, applicant insists. To which order, ruling, and judgment the plaintiff excepted and now excepts and assigns the same as error, for the reason that when his honor W. N. Spence reinstated said case the superior court of Decatur county was not in actual session, with the judge present at Bainbridge, at the time of granting said order, ruling, and judgment reinstating said case. The plaintiff also excepted to said judgment reinstating said case, and now excepts and assigns the same as error, because his honor W. N. Spence reinstated said case for the defendant and movant

without the said movant and defendant making petition, application, or motion in writing, except by letter as above stated, and without serving notice of any petition, motion, or application on the counsel for plaintiff, and without giving the counsel for plaintiff any opportunity of resisting said reinstatement of said case and motion, to which judgment, ruling, and order the plaintiff excepted and now excepts and assigns the same as error, because the movant and defendant had had his day in court, and before any new and extraordinary relief could be obtained or adjudged. Plaintiff in this bill of exceptions insists it was necessary at law for the defendant to file his regular petition, application, or motion in writing, obtain his rule nisi, and serve the counsel for the plaintiff, plaintiff in error insisting that the said case ended and final judgment had been rendered when said motion for new trial was dismissed on the 21st day of December, 1908."

B. B. *Bower*, A. H. *Russell*, and G. G. *Bower*, for plaintiff.

T. S. *Hawes*, for defendants.